Dear Councilman Mosca:
You have asked this office to define the correct procedure governing a vote by the City of Harahan, a Lawrason Act Municipality, regarding nominees to serve on the local civil service board. Your specific question is:
 When two people have been nominated to a board, is there a specific order in which the vote should be taken?
As you are aware, R.S. 42:5 requires public bodies to vote by "voice vote" as the statute provides:
 § 5. Meetings of public bodies to be open to thepublic
 A. Every meeting of any public body shall be open to the public unless closed pursuant to R.S. 42:6, R.S. 42:6.1, or R.S. 42:6.2.
 B. Each public body shall be prohibited from utilizing any manner of proxy voting procedure, secret balloting, or any other means to circumvent the intent of R.S. 42:4.1 through R.S. 42:8.
 C. All votes made by members of a public body shall be viva voce and shall be recorded in the minutes, journal, or other official, written proceedings of the body, which shall be a public document.
 D. Except school boards, which shall be subject to R.S. 42:5.1, each public body conducting a meeting which is subject to the notice requirements of R.S. 42:7(A) shall provide an opportunity for public comment at such meeting, subject to reasonable rules, regulations, and restrictions as adopted by the public body. (Emphasis added).
Robert's Rules of order, Newly Revised, 10th Edition dictates that nominees are voted on in the order in which they were nominated, at page 476 and 477:
 b) Nominations from the floor (open nomination) with viva-voce election (usually called simply "nominations from the floor"). This is a common method of appointing members to a committee when the assembly wishes to reserve the election to itself without requiring secrecy in the voting. When this method has been decided upon, the chair says, "Members will please nominate," or, "Nominations for the committee are now in order." The chair announces each nomination as he hears it, as shown on page 418. No one has the right to nominate more than one person to membership on the committee until every other member has had an opportunity to nominate a candidate; and thus the nomination of more than one person at a time by a single member can be entertained only by unanimous consent. If no more than the prescribed number of committee members are nominated, even after the chair calls for further nominations, the chair can put the question on the members named constituting the committee. A vote in such a case is unnecessary, however, since the fact that no more than the required number are nominated shows that there is unanimous consent that the committee should consist of these persons, which the chair declares as follows: "Messrs. A, B, and C, Mrs. D. and Mrs. E are nominated. Are there any further nominations? . . . Since there are none, the committee is composed of the persons jus named [or he repeats the names if he feels it advisable]." If there are more nominees than the required number of committee members, then, when there are no further nominations, the chair repeats all of the names in the order in which they were nominated, and in the same order puts the question on the election of each nominee one at a time until the proper number have been elected as described for viva-voce elections. For reasons explained on pages 427-29, those nominated last in such a case have less chance of being elected. After the selection of committee members has been completed, the assembly can elect a committee chairman from among them, if desired; or a chairman can be elected separately, first. (Emphasis added).
We conclude that nominees by a governing authority to the local civil service board are voted on in the order in which they were nominated. We hope the foregoing is helpful to you. Should you have other questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received:
Date Released: October 20, 2003